IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LARRY R. BONDS, THOMAS C. MORRISON,
JOYCE P. MORRISON, MARGIE P. RENICK,
LARRY D. COBB, JANICE COBB, MARY COOK,
Deceased, by her Widowed Husband and Beneficiary,
STEVEN R. COOK., ELSIE P. SHAW, HERMAN W.
SHAW, Individually, and on Behalf of All Similarly
Situated Persons                                                                                    PLAINTIFFS

V.                                                                   CIVIL ACTION NO. 3:13CV059-B-A

MODERN WOODMEN OF AMERICA,
AND INDIVIDUALLY, W. KENNY MASSEY,
GEORGE R. WORLEY, WILLIAM D. KELTNER,
AND LYNNE WAMSLEY                                                                              DEFENDANTS

## MEMORANDUM OPINION

Came on to be considered this day the defendants' motion to dismiss or, in the alternative, for summary judgment. Upon due consideration of the motion, response, and supporting and opposing authority, and being fully advised in the premises, the court is ready to rule.

Factual and Procedural Background

The plaintiffs in this proposed class action assert that the defendant Modern Woodmen of America ("Woodmen") engaged in a scheme to fraudulently induce them to exchange their existing life insurance policies so that defendants could convert the plaintiffs' existing policies and their cash value to Woodmen, cancel the plaintiffs' existing riders, lower the plaintiffs' existing death benefits, and yet keep the plaintiffs' premiums at the same or an increased rate. The plaintiffs contend that a whistle blower former agent of Woodmen explained how the agents were trained to accomplish this goal. The agents were to contact "orphan" policyholders (that is,

policyholders who no longer had an assigned agent), introduce themselves as the newly assigned agent, and make an appointment to discuss in person the policyholder's current certificate. The agents would then convince the policyholders to sign up for a new policy. The agents were allegedly instructed to discuss the new policy by using only a computer screen for illustration purposes, not to discuss the way Woodmen handles the plaintiffs' insurance certificates, and to leave no paperwork with the customer after the conversion to the new policy. The transactions involving the plaintiffs in this case took place between December 7, 2005 and May 23, 2006.

The plaintiffs brought the present action on March 5, 2013, asserting a variety of claims including a Racketeer Influenced and Corrupt Organization (RICO) Act claim based on alleged fraud, combined with separate state law causes of action including, inter alia, breach of the covenant of good faith and fair dealing, conspiracy, conversion, unjust enrichment, negligence, and negligent misrepresentation. The defendants have now moved to dismiss for failure to state a claim or, in the alternative, for summary judgment.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a claim. *See* Fed. R. Civ. P. 12(b)(6). The motion is "viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true." *Priester v. Lowndes County*, 354 F.3d 414, 419 (5th Cir. 2004). "The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim." *Priester*, 354 F.3d at 419 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The court will "not accept as true conclusory allegations, unwarranted factual

2

inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, matters of public record and matters of which the court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

## Analysis

A four-year statute of limitations applies in RICO civil enforcement actions. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987). A RICO claim accrues when the injured party knew or should have known of the injury and not at a later date when the injured party discovers a pattern. *Rotella v. Wood*, 528 U.S. 549 (2000). As the defendants note, the plaintiffs in the case sub judice should have known they purchased an insurance policy when they signed the application, certified that they viewed an illustration explaining the policy, signed an exchange form, and signed a replacement form. These actions occurred in 2005 and 2006, well outside the applicable statute of limitations for RICO actions.

Mississippi Code Annotated § 15-1-49 imposes a three-year statute of limitations for all actions for which there is no other specific statute of limitations provided. The plaintiffs' state

3

law claims of fraud, conspiracy to defraud, fraudulent inducement, negligent misrepresentation, negligence, conversion, breach of covenant of good faith and fair dealing, and unjust enrichment[1] are all subject to this three-year limitations period because there is no limitations period provided elsewhere. The plaintiffs' claim pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act is also subject to a three-year statute of limitations. *Gredell v. Wyeth Labs, Inc.*, 803 N.E. 2d 541, 546 (Ill. 2004).

In Mississippi, "[a] fraud claim accrues upon the completion of the sale induced by false representation or upon the consummation of the fraud." *Parker v. Horace Mann Life Ins. Co.*, 949 So. 2d 57 (Miss. App. 2006). "Therefore, the statute of limitations begins to run when a person, with reasonable diligence, first knew or should have known of the fraud." *Id.* (citing Miss. Code Ann. § 15-1-67). The plaintiffs' claims each accrued on the date the plaintiffs completed their applications for new insurance certificates. The plaintiffs also signed a Form 1035-1 Exchange Form, a Form 100 Certification that they viewed an illustration regarding the policy, and a Form 1918 Notice of Replacement of Life Insurance. Each plaintiff signed these documents approximately eight years ago, well outside any applicable statute of limitations.

Because their claims are outside the prescriptive period, the only way for the plaintiffs to proceed is to prove fraudulent concealment, which, of course, tolls the statute of limitations for any cause of action. The plaintiffs bear the burden of proof of fraudulent concealment, which requires a showing that the defendants performed an affirmative act which was intended to and did prevent the discovery of facts giving rise to the cause of action and that the plaintiffs

---

[1]The plaintiffs' unjust enrichment claim may also be covered by the three-year limitations period set forth in Miss. Code Ann. § 15-1-29, which applies to oral and implied contracts. An unjust enrichment claim is only viable in a situation where there is no legal contract. *Kersey v. Fernald*, 911 So. 2d 994, 997 (Miss. App. 2005).

4

exercised due diligence to discover these facts but were unable to do so. *Stephens v. Equitable Life Ins. Co.*, 850 So. 2d 78, 83-84 (Miss. 2003). Further, the affirmative act of fraudulent concealment must be "post-completion of the insurance sales in order to toll the statute of limitations." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003) (applying Mississippi law).

The plaintiffs assert that the defendants fraudulently concealed their causes of action by training agents not to discuss with plaintiffs or other agents that the plaintiffs exchanged their insurance policies for new insurance policies, instructing their agents to use a computer screen rather than paper documents to illustrate the policies and transactions, and instructing their agents not to leave paperwork with plaintiffs. The plaintiffs' argument, however, is not persuasive.

First, the acts alleged are not affirmative in nature. "Not discussing" the transaction is not an affirmative act. Second, none of these acts alleged by the plaintiffs constitute post-sale conduct. The actions alleged occurred contemporaneously with the sales of the insurance policies. Third and most important, the plaintiffs each signed documents explicitly advising them that they were purchasing new insurance policies to replace old policies. The documents also detailed the terms of the policies, including the premiums and death benefits. Further, the plaintiffs signed documents attesting to the fact that they agreed to view computer illustrations in lieu of hard copy illustrations. In Mississippi it is axiomatic that "a party is under an obligation to read a contract before signing it and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." *Ross*,

5

344 F.3d at 464. Knowledge of the terms of a contract is imputed to the contracting party as a matter of law. *Cherry v. Anthony, Gibbs & Sage*, 501 So. 2d 416, 419 (Miss. 1987).

The absence of affirmative acts of fraudulent concealment is dispositive, and the court is not required to proceed to the next step, but the court notes that the plaintiffs have failed to identify any means by which they exercised due diligence to discover the alleged fraud. The court also notes that the same facts which reveal no fraudulent concealment in this case are the same facts which would prevent the case from surviving a review of the merits. As the plaintiffs' claims are barred by the various statutes of limitations set forth above, however, the court does not reach a review of the merits.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' claims are barred by the applicable statutes of limitations. The defendants' motion to dismiss is therefore well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 25th day of March, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**